Filed 10/12/23  Tianjin Weinada Internat. Trading Co. v. Tianjin Tianwu Internat. Trade Dev. Co. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| TIANJIN WEINADA INTERNATIONAL TRADING CO., LTD., | G061244 |
| Plaintiff and Respondent, | (Super. Ct. No. 30-2014-00727077) |
| v. | O P I N I O N |
| TIANJIN TIANWU INTERNATIONAL TRADE DEVELOPMENT CO., LTD., | |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Glenn R. Salter, Judge.  Affirmed.

Lewis Brisbois Bisgaard & Smith, Lann G. McIntrye, Christopher W. Harmon; Deheng Law Offices and Dean T. Cho for Defendant and Appellant.

Law Offices of William L. Niu, William L. Niu; Esner, Chang & Boyer, Andrew N. Chang, Kevin K. Nguyen; Maynard Cooper & Gale, Richard C. Macias, and Judy Man-Ling Lam for Plaintiff and Respondent.

The parties in this appeal, appellant Tianjin Tianwu International Trade Development Co., Ltd. (Tianwu) and respondent Tianjin Weinada International Trading Co., Ltd. (Weinada), have been here twice before. Over the past nine years, Weinada has brought actions against multiple defendants, including Tianwu, concerning a residence on Trotter Lane in Yorba Linda (the Trotter Property). The first time the parties were before this court, a panel dismissed Tianwu's appeal for lack of standing because it was not a party of record in the breach of contract action from which the appeal was taken. (*Tianjin Weinada International Trading Co., Ltd. v. Tianjin Tianwu International Trade Development Co., Ltd.* (Nov. 17, 2017, G053371) [nonpub. opn.] (*Weinada I*).) The second time, a panel of this court reversed the trial court's judgment, which had been entered in favor of Weinada and against Tianwu and another defendant on quiet title and constructive trust claims. In doing so, the panel stated reversal was required because Weinada's interest in the Trotter Property could not be adjudicated because judgment had not been entered on Weinada's claims of fraudulent transfer against other defendants and Weinada failed to show it was entitled to relief on its claims against Tianwu. (*Tianjin Weinada International Trading Co., Ltd. v. Tianjin Tianwu International Trade Development Co., Ltd.* (Feb. 10, 2021, G057707) [nonpub. opn.] (*Weinada II*).)[1]

Upon remand, the trial court entered an amended judgment in favor of Weinada on its claims of fraudulent transfer, quiet title, and constructive trust. Tianwu contends this was error. Tianwu asserts after this court reversed the judgment in *Weinada II*, the trial court was required to enter judgment in Tianwu's favor upon remand and the trial court's judgment on the fraudulent transfer action was unsupported by evidence. We disagree. The trial court did not exceed the scope of the remand by entering the amended judgment. Accordingly, we affirm.

---

[1] Where appropriate, we quote from these prior opinions.

2

FACTUAL AND PROCEDURAL HISTORY

I.

BACKGROUND

Weinada is in the business of importing automobiles into China from the United States. In January 2014, Weinada paid Yang Wang and his company Pinland, Inc. (Pinland) over $2.5 million to purchase 29 automobiles and have them delivered to China. Weinada wired the full purchase price to Wang and Pinland that same month. Wang and Pinland did not deliver the automobiles. Instead, Wang and Pinland and their coconspirator Pei Yi Sun used Weinada's money to purchase the Trotter Property.

Tianwu is also in the business of importing automobiles to China. In August 2013, Tianwu entered into an agreement with Sun and his company Onyx Auto, Inc. (Onyx) to import 33 automobiles for $2.475 million. In the fall of 2013, Tianwu wired the full purchase price to Onyx, but Sun and Onyx never delivered the automobiles.

II.

FIRST LAWSUIT – BREACH OF CONTRACT ACTION

"In April 2014, Weinada filed [a] lawsuit against Wang and Pinland, alleging claims for breach of contract, money had and received, conversion, unfair competition, fraud, unjust enrichment, and accounting (Breach of Contract Action). In addition to alleging Wang and Pinland breached their contract and defrauded Weinada, the complaint alleged Wang and Pinland used Weinada's money to purchase two luxury homes in Yorba Linda, California . . . ." (*Weinada I*, at p. 3.) One home was the Trotter Property, and the second home was on Via Del Cerro in Yorba Linda.[2] "Weinada sought compensatory and punitive damages, and also an order that Wang and Pinland held title to the two residential properties as constructive trustees for Weinada." (*Id.* at p. 4.)

_____

[2] Only the Trotter Property is at issue in this appeal; therefore, we focus on it.

3

"Three days after filing the complaint, Weinada recorded a lis pendens against the Trotter Property, but did not file a copy with the court until more than a month later" (first lis pendens). (*Weinada I*, at p. 4.)

III.

WANG AND PINLAND TRANSFER THE TROTTER PROPERTY TO SUN

"In May 2014, Weinada personally served the complaint on Wang in New York. Upon receiving the complaint, Wang and his wife immediately drove from New York to an escrow office in California, where Wang executed a grant deed transferring the Trotter Property to Sun. Sun did not pay Wang or Pinland any consideration for the Trotter Property." (*Weinada I*, at p. 4.)

IV.

SECOND LAWSUIT – FRAUDULENT TRANSFER ACTION

After Wang and Pinland transferred the Trotter Property to Sun, in June 2014, Weinada filed a second lawsuit, this time against Sun, Wang, and Pinland, alleging causes of action for fraudulent transfer, unjust enrichment, and constructive trust (Fraudulent Transfer Action). The complaint repeated the allegations in the Breach of Contract Action that Weinada paid Wang and Pinland over $2.5 million for automobiles but instead of delivering the vehicles, Wang and Pinland used the money to purchase the Trotter Property. The complaint further alleged after Weinada filed the Breach of Contract Action against Wang and Pinland, they transferred the Trotter Property to Sun without receiving reasonably equivalent value in exchange, they were aware they had defrauded Weinada, and they sought to shield the Trotter Property from a judgment for Weinada.

Weinada prayed for a judgment setting aside the transfer of the property and for the transfer to be declared void and fraudulent. Weinada also requested Sun be restrained from disposing of or transferring the property until Weinada's claims had been

4

adjudicated and requested a pendente lite order be granted barring Sun from selling, transferring, conveying, encumbering, assigning or disposing of the Trotter Property.

One day after filing the Fraudulent Transfer Action, Weinada recorded a second lis pendens against the Trotter Property (second lis pendens) and served it on Sun, Wang, and Pinland.

V.

SUN TRANSFERS THE TROTTER PROPERTY TO TIANWU

In July 2014, a month after Weinada filed the Fraudulent Transfer Action and recorded the second lis pendens, Sun transferred the Trotter Property to Tianwu via a grant deed. The deed stated, "This is a reconveyance of realty upon satisfaction of a debt." The deed was recorded on July 14, 2014.

Sun transferred the Trotter Property to Tianwu because Tianwu was threatening litigation if Sun and Onyx did not return the money Tianwu paid for the automobiles Sun and Onyx failed to deliver.

VI.

WEINADA AMENDS THE COMPLAINTS IN BOTH ACTIONS

TO ADDRESS THE TRANSFERS OF THE TROTTER PROPERTY

In August 2014, Weinada added Tianwu as a defendant in the Fraudulent Transfer Action based on Sun's transfer of the Trotter Property to Tianwu.

A few days later, "Weinada filed a first amended complaint in the Breach of Contract Action adding Sun as a defendant and adding claims for declaratory relief and constructive trust relating to the Trotter Property. Weinada alleged Wang and Pinland used the funds they obtained from Weinada to purchase the Trotter Property and then 'fraudulently transferred' the property to Sun. The amended complaint did not include any allegations about Sun transferring the Trotter Property to Tianwu." (*Weinada I*, at p. 5.)

5

In February 2015, the trial court expunged a lis pendens Weinada had recorded against both properties in June 2014. (Although our appellate record contains multiple lis pendens recorded by Weinada, it does not contain the one expunged by the trial court concerning the Trotter Property.)

VII.

TRIAL AND JUDGMENT IN THE BREACH OF CONTRACT ACTION

In August 2015, the trial court conducted a bench trial in the Breach of Contract Action and thereafter issued a written statement of decision containing several findings of fact. The court found: (1) Sun, Wang, and Pinland committed fraud against Weinada by taking Weinada's money on the false pretense the automobiles would be delivered when they had no intent of doing so; (2) Sun, Wang, and Pinland used Weinada's money to purchase the Trotter Property; (3) the grant deed executed by Wang, on behalf of Pinland, conveying the Trotter Property to Sun was fraudulent; (4) Sun did not remit any consideration to Wang or Pinland for the Trotter Property; and (5) the transfer was "done with actual intent to hinder, delay, or defraud" Weinada.

In March 2016, the trial court entered judgment in the Breach of Contract Action in Weinada's favor and against Sun, Wang, and Pinland for nearly $4 million. As to the Trotter Property, the court "ordered, adjudged and decreed" (capitalization and boldface omitted): (1) the transfer of the Trotter Property from Pinland to Sun "is voided as fraudulent and ordered set aside," and (2) "a Constructive Trust on the title to the [Trotter Property] is granted to [Weinada] as against [Sun, Wang, and Pinland], and each of them, to satisfy the sum of $1,854,243.00 from the total judgment entered herein against the defendants." The judgment in the Breach of Contract Action did not mention Tianwu or its interest in the Trotter Property.

Sun, Wang, and Pinland did not appeal from the judgment in the Breach of Contract Action. Tianwu did, but a panel of this court dismissed Tianwu's appeal for

6

lack of standing because it was not a party of record in the trial court.  (*Weinada I*, at pp. 7–14.)

## VIII.

### THIRD LAWSUIT – QUIET TITLE ACTION

In June 2016, Weinada dismissed Tianwu from the Fraudulent Transfer Action without prejudice.  Concurrently, Weinada filed a new complaint solely against Tianwu, asserting causes of action for quiet title, constructive trust, and declaratory relief (Quiet Title Action).  In its prayer for relief, Weinada requested an order:  (1) declaring it the owner of the Trotter Property and entitlement to immediate possession; (2) declaring Tianwu has no rights or title to the Trotter Property, and (3) declaring Tianwu holds the property in trust for Weinada.  Weinada also requested the transfer of the Trotter Property by Sun be adjudged as null and void.

In July 2016, Weinada recorded a third lis pendens on the Trotter Property (third lis pendens).

## IX.

### TRIAL ON THE FRAUDULENT TRANSFER AND QUIET TITLE ACTIONS

In July 2016, Weinada filed a notice indicating the Breach of Contract Action and the Fraudulent Transfer Action were related to the Quiet Title Action because they involved claims concerning title to or possession of the same property.  The trial court granted Weinada's motion to consolidate the Fraudulent Transfer Action and the Quiet Title Action for trial.

In August 2018, the court conducted a bench trial in the consolidated cases. In the Fraudulent Transfer Action, Sun, Wang, and Pinland defaulted.  Tianwu, the only named defendant in the Quiet Title Action, defended against Weinada's claims.  The general manager for Tianwu's department of imported vehicles testified Tianwu signed an agreement with Sun to import automobiles and paid Sun and his company $2.475 million for the automobiles, but Sun failed to deliver them.  After Tianwu's general

7

manger requested a refund of the money, Sun transferred the Trotter Property to Tianwu to repay the debt Sun and his company Onyx owed. Tianwu did not inspect title to the Trotter Property before acquiring it.

The trial court issued an oral statement of decision. In *Weinada II*, the trial court's statement of decision was summarized as follows: "[T]he trial court found Tianwu was on constructive notice of the lis pendens on the Trotter Property before Tianwu was purportedly deeded it. The court rejected Tianwu's argument it was not bound by the lis pendens because it was dismissed from the Fraudulent Transfer Action on July 12, 2016, explaining the dismissal did not equate to being 'the victor in that case.'" (*Weinada II*, at pp. 3–4.) The trial court noted Sun "had purported to obtain title to the property by grant deed in May 2014 from Pinland, which was later voided" in the judgment in the Breach of Contract Action. "Finally, the trial court found by clear and convincing evidence that Tianwu was not a good faith purchaser and title should be quieted in Weinada's name pursuant to a constructive trust in the amount awarded in the Breach of Contract Action." (*Weinada II*, at p. 4.)

In its oral statement of decision, the trial court stated: "Court awards judgment on all causes of action in favor of Weinada and against all defendants. Oral motions by the defendants to expunge the various lis pendens are denied. [Weinada] shall prepare the appropriate orders of the judgment in accordance with the code."

In February 2019, a judgment was entered in favor of Weinada against Tianwu on Weinada's claims for quiet title and constructive trust (original judgment). The original judgment's caption included the case number and defendants in the Fraudulent Transfer Action, but it did not address the claims in the Fraudulent Transfer Action.

8

## X.

### TIANWU APPEALS

Tianwu appealed from the original judgment quieting title and imposing a constructive trust on the Trotter Property. (*Weinada II*, at p. 2.) In *Weinada II*, the original judgment was reversed on two grounds: (1) the court did not enter judgment on the claims in the Fraudulent Transfer Action; and (2) Weinada failed to show it was entitled to relief on the quiet title and constructive trust claims. (*Weinada II*, at pp. 2, 4–7.)

## XI.

### PROCEEDINGS IN THE TRIAL COURT FOLLOWING REVERSAL

When the matter returned to the trial court, each party filed a new proposed judgment. Tianwu proposed judgment in its favor against Weinada based on the decision in *Weinada II* and proposed the court order and decree Tianwu was the rightful legal owner of the Trotter Property and entitled to possession of it. Weinada filed a proposed amended judgment in its favor in both the Fraudulent Transfer Action and the Quiet Title Action.

The trial court held a status conference and listened to the parties' arguments concerning the proposed judgments and the opinion in *Weinada II*. After taking the matter under submission, the court subsequently issued a minute order that stated: "It appears the original Judgment did not reflect the order of this court. Among other findings of fact and conclusions of law, it was this court's judgment that the Trotter property was fraudulently transferred to defendant Tianjin Tianwu International Trade Development Co., Ltd. (Tianwu), as part of the fraud perpetrated by Wang and Pinland against plaintiff Tianjin Weinada International Trading Co., Ltd[.] (Weinada). (See, e.g., the First, Second, and Fourth Causes of Action in the First Amended Complaint in Case No. 2014-727077 alleging a fraudulent transfer of the Trotter property.) However, the Weinada plaintiffs did not artfully draft the final judgment, omitting any reference to the

9

fraudulent transfer causes, and this court did not discern the lacuna. In its Opinion filed February 10, 2021, the Court of Appeal correctly faults this court for not including in the judgment any statement as to the fraudulent transfer action. The intent of the amended judgment is to correct that oversight and to state clearly that the purported transfer of the Trotter property to Sun (and ultimately to Tianwu) was a fraudulent transfer in violation of the California Uniform Fraudulent Transfer Act in order to avoid a debt that Pinland owed Weinada, and did not convey good title to Sun, and in the end, Tianwu. The court has signed the plaintiff's proposed amended judgment this date."

In February 2022, the trial court entered an amended judgment in Weinada's favor against Sun, Wang, and Pinland in the Fraudulent Transfer Action and in Weinada's favor against Tianwu in the Quiet Title Action. Tianwu timely appealed from the amended judgment.

## DISCUSSION

Tianwu contends the trial court erred by entering an amended judgment in Weinada's favor on either the Fraudulent Transfer Action or the Quiet Title Action. We disagree. We begin by discussing the validity of the amended judgment in the Fraudulent Transfer Action as it is relevant to the issues Tianwu raises concerning the Quiet Title Action.

I.

FRAUDULENT TRANSFER ACTION

Tianwu contends the amended judgment in Weinada's favor on the Fraudulent Transfer Action should be reversed because it "is unsupported by any evidence, findings or legal reasoning." We disagree.

Because the defendants in the Fraudulent Transfer Action—Sun, Wang, and Pinland—had defaulted from the case by the time of the bench trial in the consolidated matter, Weinada sought a default judgment as to the claims against them.

10

By defaulting, the defendants in the Fraudulent Transfer Action """"confess[ed]""""" the "'"well-pleaded allegations'"" in the complaint. (*Kim v. Westmoore Partners, Inc.* (2011) 201 Cal.App.4th 267, 281.) "The 'well-pleaded allegations' of a complaint refer to ""all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law.""" [Citations.] [¶] Because the default *confesses* those properly pleaded facts, a plaintiff has no responsibility to provide the court with sufficient evidence to prove them—they are treated as true for purposes of obtaining a default judgment." (*Ibid.*) Thus, Weinada had no obligation to present evidence to the court to prove its allegations in the Fraudulent Transfer Action because Sun, Wang, and Pinland admitted the properly pleaded facts in the complaint by defaulting.

A review of Weinada's first amended complaint in the Fraudulent Transfer Action shows it provided well-pleaded allegations for its fraudulent transfer cause of action concerning the Trotter Property against defendants Sun, Wang, and Pinland (the first cause of action).[3] Tianwu does not assert otherwise. A transfer is fraudulent if the debtor made the transfer "[w]ith actual intent to hinder, delay, or defraud any creditor of the debtor," "[w]ithout receiving a reasonably equivalent value in exchange for the transfer," and with the intent to incur debts beyond the debtor's ability to pay. (Civ. Code, § 3439.04, subd. (a)(1), (2).) Weinada's allegations recounted Wang and Pinland had defrauded it of over $2.5 million by promising automobiles that were never delivered and Wang had instead used Weinada's money to purchase the Trotter Property. Weinada alleged that after its Breach of Contract Action had been served on Pinland, Wang, acting on behalf of Pinland, transferred the Trotter Property to Sun and that Sun, Wang, and Pinland conspired to fraudulently transfer the property to Sun to shield it from a judgment for Weinada. Weinada further alleged that at the time of the transfer to Sun, Weinada had a valid claim for monies and title to the property and that Wang and Pinland received

_____

[3] The second cause of action concerned the transfer of the Via Del Cerro property, which is not at issue in this appeal.

11

no consideration for the transfer of the property. Weinada alleged the transfer of the Trotter Property to Sun "was made with the actual intent to hinder, delay, or defraud" Pinland's creditors, including Weinada. It also alleged Pinland intended to incur debts beyond its ability to repay them.

The trial court was cognizant of Sun, Wang, and Pinland's default in the Fraudulent Transfer Action when it awarded judgment on all causes of action in the consolidated matter in Weinada's favor against all defendants.

In its minute order addressing the amended judgment, the trial court explained the judgment on the Fraudulent Transfer Action was inadvertently omitted from the original judgment and the intent of the amended judgment was to correct this omission and "to state clearly that the purported transfer of the Trotter property to Sun (and ultimately to Tianwu) was a fraudulent transfer in violation of the California Uniform Fraudulent Transfer Act in order to avoid a debt that Pinland owed Weinada, and did not convey good title to Sun, and in the end, Tianwu." The amended judgment orders the transfer of the Trotter Property by Pinland to Sun voided as fraudulent and set aside.

Therefore, we reject Tianwu's claim and conclude the amended judgment on the Fraudulent Transfer Action is supported by evidence as well as the court's findings and legal reasoning. The amended judgment in the Fraudulent Transfer Action is relevant to whether Weinada is entitled to relief on its claims in the Quiet Title Action, an issue which we turn to now.

II.

QUIET TITLE ACTION

As to the Quiet Title Action, Tianwu contends the trial court erred by "entering an amended judgment in Weinada's favor and disregarding the law of the case set forth in the Court of Appeal's decision" in *Weinada II*. Tianwu asserts the disposition in *Weinada II* "establishes that Weinada was not entitled to a judgment in its favor on

12

either a constructive trust or quiet title theory" and the opinion's language "necessarily required the trial court to enter a judgment in Tianwu's favor on Weinada's quiet title and constructive trust claims." Considering the opinion in *Weinada II* as a whole leads us to a different conclusion. The opinion in *Weinada II* recognized the judgment was incomplete because it did not include the Fraudulent Transfer Action. The opinion also explained that in the absence of a determination in the Fraudulent Transfer Action of Weinada's rights in the Trotter Property, Weinada could not prevail on its quiet title cause of action. (*Weinada II*, at p. 6.) The trial court was not prohibited from amending the judgment to include the Fraudulent Transfer Action, and upon doing so, it also resolved the issue we identified concerning the Quiet Title Action.

*A. Applicable Law*

""""A reviewing court has authority to 'affirm, reverse, or modify any judgment or order appealed from, and may direct the proper judgment or order to be entered, or direct a new trial or further proceedings to be had.' [Citation.] The order of the reviewing court is contained in its remittitur, which defines the scope of the jurisdiction of the court to which the matter is returned." [Citations.] "The trial court is empowered to act only in accordance with the direction of the reviewing court; action which does not conform to those directions is void."""" (*Rincon EV Realty LLC v. CP III Rincon Towers, Inc.* (2019) 43 Cal.App.5th 988, 997.)

"In addition to following the appellate court's remittitur, a trial court on remand must comply with the law of the case. ""The doctrine of "law of the case" deals with the effect of the *first appellate decision* on the subsequent *retrial* or *appeal*: The decision of an appellate court, stating a rule of law necessary to the decision of the case, conclusively establishes that rule and makes it determinative of the rights of the same parties in any subsequent retrial or appeal in the same case.""" (*Rincon EV Realty LLC v. CP III Rincon Towers, Inc., supra*, 43 Cal.App.5th at p. 997.) "'Generally, the doctrine

13

of law of the case does not extend to points of law which might have been but were not presented and determined in the prior appeal. [Citation.] As an exception to the general rule, the doctrine is . . . held applicable to questions not expressly decided but implicitly decided because they were essential to the decision on the prior appeal.'" (*Leider v. Lewis* (2017) 2 Cal.5th 1121, 1127.)

"We review de novo a claim that the trial court did not follow the directions contained in the dispositional language of our previous opinion. [Citation.] We look to the wording of our directions, read in conjunction with the opinion as a whole." (*Ruegg & Ellsworth v. City of Berkeley* (2023) 89 Cal.App.5th 258, 264.)

B. *The* Weinada II *Opinion*

In the disposition in *Weinada II*, another panel of this court reversed the judgment. The opinion did not direct the trial court to enter judgment for Tianwu. (*Weinada II*, at p. 7.) But Tianwu asserts such was implied because the panel in *Weinada II* agreed with its argument that "Weinada failed to show it was entitled to relief on the quiet title or constructive trust causes of action." (*Weinada II*, at p. 4.) As we discuss below, the disposition in *Weinada II* was an unqualified reversal. It enabled the trial court to enter the judgment in the Fraudulent Transfer Action and the judgment in the Fraudulent Transfer Action resolved the issues the *Weinada II* opinion identified concerning the Quiet Title Action.

Discussing Weinada's quiet title claim, the *Weinada II* opinion concluded: "There was no viable quiet title claim because Weinada lacked standing to bring a quiet title action. At best Weinada had an equitable interest in the Trotter Property, and the holder of equitable title cannot bring a quiet title action against the legal owner (here, Tianwu)." (*Weinada II*, at p. 4.) In the opinion, the panel rejected Weinada's argument it had legal title to the Trotter Property because it was granted a constructive trust on the title in the Breach of Contract Action judgment. In doing so, the panel noted the

14

constructive trust imposed in the Breach of Contract Action did not require Sun, Wang, or Pinland to convey legal title to Weinada.  (*Weinada II*, at pp. 4–5.)

Addressing the constructive trust claim in *Weinada II*, the opinion stated: "Weinada failed to establish Tianwu engaged in any wrongdoing.  As both parties note, a constructive trust may be imposed on '[o]ne who gains a thing *by* fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act, is, unless he or she has some other and better right thereto, an involuntary trustee of the thing gained, for the benefit of the person who would otherwise have had it.'  (Civ. Code, § 2224, italics added.)  Weinada argues Tianwu's negligence in failing to inspect title to the Trotter Property 'before its purported acquisition of title' 'constituted a wrongful act to justify imposition of a constructive trust.'  As Weinada's own argument reflects, Tianwu's failure to inspect title, even if a wrongful act within the meaning of Civil Code section 2224, did not result in its acquisition of the Trotter Property.  Tianwu did not acquire the Trotter Property *by* a wrongful act.  Accordingly, Weinada failed to establish it was entitled to a constructive trust."  (*Weinada II*, at p. 5.)

The disposition in *Weinada II* was an unqualified reversal; it stated, "[t]he judgment is reversed."  (*Weinada II*, at p. 7.)  "'[I]n general, "'[a]n unqualified reversal remands the cause for a new trial [citation], and places the parties in the trial court in the same position as if the cause had never been tried, with the exception that the opinion of the court on appeal must be followed so far as applicable.'"  (*Ruegg & Ellsworth v. City of Berkeley, supra*, 89 Cal.App.5th at p. 268.)  Here, a new trial was not held upon remand, and neither party requested one.  Instead, the trial court entered an amended judgment that corrected an error identified in *Weinada II*—the omission of the judgment on the Fraudulent Transfer Action.  The language in *Weinada II* contemplated a new judgment addressing the Fraudulent Transfer Action.  (*Weinada II*, at p. 5.)

The opinion in *Weinada II* further recognized "a valid judgment declaring Weinada's rights to the Trotter Property in the Fraudulent Transfer Action" was relevant

15

to whether Weinada could prevail on its claims in the Quiet Title Action. (*Weinada II*, at p. 6.) The opinion stated, "The trial court erred in quieting title to the property in Weinada's name and imposing a constructive trust in Weinada's favor *absent entry of judgment on the claims in the Fraudulent Transfer Action.*" (*Weinada II*, at pp. 6–7, italics added.) The opinion also explained: "*Without a valid judgment declaring Weinada's rights to the Trotter Property in the Fraudulent Transfer Action*, Tianwu's interest in the Trotter Property cannot be subordinated to Weinada's claimed interest . . . ." (*Weinada II*, at p. 6, italics added.)

Once the trial court rectified the error in the original judgment by including the Fraudulent Transfer Action in the amended judgment, the court resolved the previously identified issues in Weinada's quiet title cause of action. In the Fraudulent Transfer Action, the court ordered the transfer of the Trotter Property from Pinland to Sun be voided as fraudulent and set aside. Because Sun's title was void, Tianwu did not receive valid title from Sun. This enabled Tianwu's interest in the Trotter Property to be subordinated to Weinada's claimed interest.

The *Weinada II* opinion noted "the trial court concluded Tianwu was not a bona fide purchaser of the Trotter Property because it had constructive notice of Weinada's claims on the property via a lis pendens." (*Weinada II*, at p. 6.) The opinion explained: "'A lis pendens is a recorded document giving constructive notice that an action has been filed affecting title or right to possession of the real property described in the notice. [Citation.] The effect of such notice is that anyone who acquires an interest in the property after the action has been filed will be bound by any judgment which may thereafter be rendered in the action.' [Citation.] Thus, if the lis pendens is valid, Tianwu would be bound by the judgment in the action specifically referenced in the lis pendens." (*Ibid*.) The opinion commented "only the second lis pendens, filed in connection with the Fraudulent Transfer Action, would be effective against Tianwu, assuming it is valid." (*Ibid.*)

16

Because Tianwu had constructive notice of Weinada's lis pendens in the Fraudulent Transfer Action, it is bound by the amended judgment in that action. In its opening brief in this appeal, Tianwu did not challenge the validity or the binding nature of the lis pendens recorded in connection with the Fraudulent Transfer Action. But it did so in its reply brief. "[W]e do not entertain new points raised for the first time in a reply brief absent good cause. [Citation.] There is absolutely no sound reason this issue could not have been raised in the . . . opening brief." (*Jay v. Mahaffey* (2013) 218 Cal.App.4th 1522, 1542.)

Even if we were to consider Tianwu's belated argument, it does not change the outcome. Tianwu contends because Weinada dismissed it from the Fraudulent Transfer Action, it was the prevailing party in that action and therefore "the lis pendens issued in connection with that action necessarily became non-binding on Tianwu." The trial court rejected this argument, as do we. The cases Tianwu cites in its reply brief to support its argument are inapposite. In *Amalgamated Bank v. Superior Court* (2007) 149 Cal.App.4th 1003, a lis pendens was expunged after judgment had been entered against the claimant. (*Id.* at pp. 1008, 1015.) In the present case, the second lis pendens, recorded in connection with the Fraudulent Transfer Action, was not expunged because judgment was never entered against Weinada in the Fraudulent Transfer Action. In *Paniagua v. Orange County Fire Authority* (2007) 149 Cal.App.4th 83, the plaintiff had dismissed an action against a single defendant, which had "the effect of an absolute withdrawal of his claim and [left] the defendant as though he had never been a party." (*Id.* at p. 89.) But here, Tianwu was not the sole defendant in the Fraudulent Transfer Action and the Fraudulent Transfer Action was not dismissed entirely. Thus, Tianwu cannot pretend the action was never filed or the lis pendens was ineffective.

In sum, we reject Tianwu's contention the trial court's amended judgment "clearly flies in the face" of the *Weinada II* opinion. We conclude the trial court did not exceed the scope of our remand by entering the amended judgment.

17

## DISPOSITION

The judgment is affirmed.  Respondent is entitled to its costs on appeal.


MOTOIKE, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


GOETHALS, J.